UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE T. LOVE,

    Petitioner,

v.

SHERRI BURT,

    Respondent,

_____/

Civil No. 2:15-CV-12118
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING THE MOTION TO HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Eugene T. Love, ("Petitioner"), presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for assault with intent to murder, M.C.L.A. 750.83, and felony-firearm, M.C.L.A. 750.227b. For the reasons that follow, the petition for writ of habeas corpus is **SUMMARILY DENIED**. The Court also denies petitioner's motion to hold the petition in abeyance while he pursues additional state post-conviction remedies.

**I. Background**

Petitioner was convicted by a jury in the Wayne County Circuit Court. Petitioner was initially sentenced to 75 to 150 years in prison on the assault with intent to commit murder conviction and received a consecutive 2 year sentence on the felony-firearm conviction.

Petitioner's conviction was affirmed on appeal but the case was remanded for re-

1

sentencing on the assault with intent to murder conviction. Petitioner was re-sentenced to 55 to 90 years in prison on this conviction.

The Michigan Supreme Court denied petitioner leave to appeal. *People v. Love*, 452 Mich. 868, 552 N.W.2d 169 (1996).

Petitioner subsequently filed at least four post-conviction motions for relief from judgment pursuant to M.C.R. 6.500, *et. Seq.* All of the motions have been denied by the trial court. The last of these post-conviction motions was denied on February 14, 2014. Petitioner appealed the denial of this last motion to the Michigan appellate courts. The Michigan Appellate courts denied petitioner relief, finding that petitioner's 2014 post-conviction motion was prohibited by M.C.R. 6.502(G) because it was an improper successive post-conviction motion. *People v. Love*, No. 320925 (Mich.Ct.App. April 3, 2014); *lv. den.* 497 Mich. 951, 858 N.W.2d 39 (2015).

Petitioner filed a petition for writ of habeas corpus, along with several attachments. Petitioner's claims are difficult to discern but it appears that petitioner is raising the following claims, which the Court paraphrases: (1) the Michigan appellate courts erred in denying petitioner post-conviction relief pursuant to M.C.R. 6.502(G) without addressing the merits of his post-conviction claims, (2) the judge had no basis to depart above the sentencing guidelines range, (3) the judge failed to individualize petitioner's sentence in that he failed to consider petitioner's potential for rehabilitation, and (4) the judge acted with personal bias in departing above the sentencing guidelines range.

## II. Discussion

The petition for writ of habeas corpus must be dismissed because petitioner has

failed to state a claim upon which habeas relief can be granted.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Crump v. Lafler,* 657 F.3d 393, 396, n. 2 (6th Cir. 2011); *Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *See Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970). After undertaking the review required by Rule 4, the Court concludes that petitioner's habeas claims are meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

**A. The denial of post-conviction relief claim.**

Petitioner first claims that the Michigan appellate courts wrongly denied him post-conviction relief by invoking M.C.R. 6.502(G), which prohibits a criminal defendant in Michigan from filing more than one motion for relief from judgment with respect to a criminal conviction unless there has been a retroactive change in law or there is a claim of new evidence.

Petitioner's claim that the Michigan courts wrongfully denied him post-conviction

3

relief is non-cognizable. This Court notes that "[t]he Sixth Circuit consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F. 3d 844, 853 (6th Cir. 2007). Thus, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001). The reason for this is that the states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)). Challenges to state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because "'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.'" *Kirby v. Dutton*, 794 F. 2d 245, 246 (6th Cir. 1986)(quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" *Cress,* 484 F. 3d at 853 (quoting *Kirby*, 794 F. 2d at 247). Thus, the "'scope of the writ'" does not encompass a "'second tier of complaints about deficiencies in state post-conviction proceedings.'" *Cress*, 484 F. 3d at 853 (quoting *Kirby*, 794 F. 2d at 248). "[T]he writ is not the proper means to challenge collateral matters as opposed to the underlying state conviction giving rise to the prisoner's incarceration." *Id.* (internal quotations omitted). Petitioner is not entitled on this claim.

### B. The sentencing claims.

The Court consolidates petitioner's sentencing claims. Petitioner claims that the

judge improperly departed above the sentencing guidelines range in re-sentencing petitioner, that the judge failed to individualize petitioner's sentence, and that the judge was biased against petitioner.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law are usually not questioned by a federal habeas court. *See e.g. Stephenson v. Renico,* 280 F. Supp. 2d 661, 666 (E.D. Mich. 2003).

Petitioner's claim that the state trial court misapplied the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. See *Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." See *Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005)). Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would thus not entitle him to habeas relief, because such a departure does not violate any of petitioner's federal due process rights. See *Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000); See also *Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in departing above his sentencing guidelines range

alone would not merit habeas relief. *Id.*

Moreover, the trial court's alleged failure to articulate substantial and compelling reasons for departing above the sentencing guidelines range, as required by Mich. Comp. Laws § 769.34(3), would not entitle petitioner to habeas relief, because the alleged violation of Michigan law is not a basis for habeas relief. See *Jackson v. Hofbauer*, No. 08-cv-14649, 2008 WL 4937956, * 3 (E.D. Mich. November 13, 2008); See also *Koras v. Robinson,* 123 Fed. Appx. 207, 214 (6th Cir. 2005)(state trial judge's alleged failure to articulate the reasons for enhancing habeas petitioner's sentence, in violation of M.C.R. 6.425 and Michigan case law, did not present a basis for federal habeas corpus relief).

The Court likewise rejects petitioner's claim that the trial court violated petitioner's right to an individualized sentence by failing to consider petitioner's rehabilitative potential.

The United States Supreme Court has refused to extend the doctrine of individualized sentencing to noncapital cases. *Harmelin v. Michigan*, 501 U.S. 957, 995-96 (1991). Because petitioner had no constitutional right to an individualized sentence, no constitutional error would occur if the state trial court failed to consider petitioner's individualized factors at sentencing. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002). Petitioner's claim that the trial court failed to consider his rehabilitative potential in fashioning his sentence is likewise non-cognizable on federal habeas review. *See Grays v. Lafler,* 618 F. Supp. 2d 736, 749 (W.D. Mich. 2008). "There is no constitutional principle that prefers rehabilitation over deterrence and retribution as a goal of sentencing." *Fielding v. LeFevre*, 548 F. 2d 1102, 1108 (2nd Cir. 1977).

Petitioner finally contends that he is entitled to re-sentencing because the judge was biased against him.

The Due Process Clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or an interest in the outcome of the case. *See Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997). However, to state a claim that a judge is biased, a defendant must show either actual bias or the appearance of bias creating a conclusive presumption of actual bias. *United States v. Lowe*, 106 F. 3d 1498, 1504 (6th Cir. 1997). In reviewing a judicial bias claim, a federal habeas court should employ the initial presumption that the assigned trial judge properly discharged his or her official duties. *See Johnson v. Warren,* 344 F. Supp. 2d 1081, 1093 (E.D. Mich. 2004).

Petitioner claims that the judge was biased against him because he departed above the sentencing guidelines range. Adverse rulings are not themselves sufficient to establish bias or prejudice which will disqualify a judge. *See Hence v. Smith,* 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999); *See also Vliet v. Renico,* 193 F. Supp. 2d 1010, 1016 (E.D. Mich. 2002). The giving of an excessive or harsh sentence, in and of itself, does not establish judicial bias. *See Liteky v. United States,* 510 U.S. 540, 542, 556 (1994). Petitioner is not entitled to relief on his habeas claims.

**C. The motion to hold the petition for writ of habeas corpus in abeyance.**

Petitioner has filed a motion to hold the petition in abeyance so that he can return to the state courts to file another post-conviction motion for relief from judgment. Petitioner wishes to raise a claim that trial counsel was ineffective for failing to object to the trial court's departure above the applicable sentencing guidelines range.

The Court denies petitioner's motion to stay the proceedings so that he can return to the state court to exhaust this claim. Although a district court has the discretion to stay

a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), the stay and abeyance of a federal habeas proceeding is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in the state courts. *Id.* at 277. In addition, a district court should not grant a habeas petitioner a stay and abeyance in a proceeding involving a mixed habeas petition when the petitioner's unexhausted claims are plainly meritless. *Id.* at 277.

Petitioner is not entitled to a stay of proceedings because he no longer has an available state court remedy with which to raise this claim. Petitioner has already filed at least four post-conviction motions for relief from judgment with the state courts.

Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005); *Mohn v. Bock,* 208 F. Supp. 2d 796, 801 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999)(citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)). However, M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 Fed. Appx. at 418; *Mohn,* 208 F. Supp. 2d at 801; *Hudson,* 68 F. Supp. 2d at 800-01.

Petitioner no longer has an effective state remedy to exhaust this claim because the Michigan Court Rules prohibit filing second or successive motions for relief from judgment and petitioner cannot satisfy either of the two exceptions to this rule, namely, a retroactive

change in the law or newly discovered evidence. M.C.R. 6.502(G)(2). *See Mohn v. Bock,* 208 F. Supp. 2d at 800-01. Therefore, petitioner is barred from pursuing an otherwise available state court remedy, and this claim must be deemed exhausted by this Court. *Id.* (Citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002)(citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)). This Court may review the petitioner's procedurally defaulted claim on the merits only if he shows cause for not raising his claim or claims at all levels of state court review and prejudice, or that he is actually innocent of the crimes for which he was convicted. *Gray*, 518 U.S. at 162; *Hannah v. Conley*, 49 F. 3d 1193, 1196, n. 3 (6th Cir. 1995); *Mohn,* 208 F. Supp. 2d at 801.

While ineffective assistance of appellate counsel might excuse petitioner's failure to raise this claim on his direct appeal, it does not excuse petitioner's own failure to exhaust this claim in his post-conviction proceedings. *See Gadomski v. Renico*, 258 Fed. Appx. 781, 784 (6th Cir. 2007). A habeas petitioner's *pro se* status and ignorance of rights at the state court level does not constitute cause which would excuse the procedural default. *Hannah v. Conley,* 49 F. 3d at 1197.

Petitioner has failed to establish good cause for failing to exhaust this claim in the state courts. Therefore, a stay of the current petition is not appropriate. *See Vasquez v. Parrott,* 397 F. Supp. 2d 452, 464 (S.D.N.Y. 2005). Nor has petitioner presented evidence of his innocence that would permit this Court to consider this new claim in spite of the default. Petitioner is not entitled to a stay of the proceedings.

### III. Conclusion

The Court summarily denies the petition for writ of habeas corpus. The Court will

also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the motion to hold the petition in abeyance is **DENIED.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

10

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                s/ Nancy G. Edmunds
                **HON. NANCY G. EDMUNDS**
                UNITED STATES DISTRICT COURT JUDGE

DATE: June 25, 2015